**Xu Ping DONG, A 75–841–711 Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**No. 04–6049–AG NAC.**

United States Court of Appeals, Second Circuit.

April 5, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson, Sarah Lum, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Xu Ping Dong ("Dong") petitions for review of a decision of the BIA affirming the decision of Immigration Judge Sarah Burr ("IJ") ordering his removal to China and denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

To establish eligibility for asylum, an applicant must demonstrate that he or she has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42). This Court has held that an imputed political opinion " 'can constitute a ground of political persecution within the meaning of the [Immigration and Nationality] Act.' " *Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005) (quoting *Alvarez–Flores v. INS,* 909 F.2d 1, 4 (1st Cir.1990)). The agency's determination that an applicant has not demonstrated his or her eligibility for asylum or withholding of removal is reviewed under the "substantial evidence" standard. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). As such, factual findings are overturned only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004).

In the present case, there was substantial evidence to support the IJ's determination that Dong had failed to establish eligibility for asylum, withholding of removal and CAT relief. Dong argues that the cadres' actions against him were based on an imputed political opinion, although he fails to specify the opinion imputed to him. In addition, he argues that he and his family were punished disproportionately because of their political opinion, but he does not identify the usual penalty for violating the municipal regulation at issue, or indicate that his family has undergone any further punishment since the house was demolished. Dong points to no record evidence that he or his family held any controversial political opinion, either before or after their house was demolished, or that officials demolished the house as a pretext for punishment based on political opinion. Accordingly, the IJ properly found that Dong failed to establish eligibility for asylum under any of the five protected grounds.

Because Dong failed to establish that he was persecuted based on one of the five protected grounds, he failed to establish that his life or freedom would be threatened on account of those grounds and, thus, failed to qualify for withholding of removal relief. *See Islami v. Gonzales,* 412 F.3d 391, 395 (2d Cir.2005) ("To be entitled to withholding of removal, the applicant must meet the requirements of asylum eligibility *and* establish that it is more likely than not that were he or she to be deported his or her life or freedom would be threatened on account of one of the five bases for asylum.") (emphasis in original).

Finally, the IJ's finding that Dong had failed to establish eligibility for CAT relief

was based on substantial evidence. Dong introduced no evidence indicating that he would be tortured if he returned to China, and his claim that the cadres would seek revenge on him if he returned is contradicted by the fact that he was able to use his own passport to leave China without any problem from Chinese officials.

For these reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).